## HICKORY FARM OIL Co. *v.* BUFFALO, N. Y. & P. R. Co.

*(Circuit Court, W. D. Pennsylvania.* August 13, 1887.)

1. FOREIGN CORPORATIONS—RIGHT TO HOLD REAL ESTATE—EFFECT OF DEED.
   Under the Pennsylvania act of April 26, 1855, (1 Purd. 361,) which forbids a foreign corporation to "acquire and hold" real estate, a deed of conveyance of land to such a corporation is not void. It passes the title, and the corporation may hold the land subject to the commonwealth's right of escheat.

2. SAME—RIGHT OF OBJECTION.
   The commonwealth alone can object to the legal capacity of a corporation to hold real estate.[1]

Ejectment. Question of law reserved.
*John Dalzell,* for plaintiff.
*J. D. Hancock,* for defendant.

ACHESON, J. By consent of the parties, a verdict was taken in favor of the plaintiff, subject to the opinion of the court as to the law, upon the following agreed state of facts:

"(1) It is admitted that the plaintiff has a good record title to the land described in the writ, which is part of a larger tract, containing in all about 400 acres, purchased by and conveyed to plaintiff in 1864.

"(2) That the plaintiff is a corporation, organized under the laws of New York, in the year 1864, under the provisions of an act of the legislature of

---

[1] The commonwealth alone can take advantage of the want of capacity in a corporation to take and hold land. Bone v. Canal Co., (Pa.) 5 Atl. Rep. 751; Railroad Co. v. Lewis, (Iowa,) 4 N. W. Rep. 842.

When a corporation is incompetent by its charter to take a legal title to real estate, a conveyance to it is not void, but only voidable, and the sovereign only can object. It is valid until assailed in a direct proceeding for that purpose. Land Co. v. Bushnell, (Neb.) 8 N. W. Rep. 389.

Restrictions imposed by the charter of a corporation upon the amount of property that it may hold cannot be taken advantage of collaterally by private persons, but only in direct proceedings by the state. Jones v. Habersham, 2 Sup. Ct. Rep. 336.

Where a foreign corporation has the power to acquire real estate, so far as necessary for business, its acquisition of realty cannot be assailed in a collateral proceeding as an act *ultra vires.* Such a question can be raised by the state only, and in a direct proceeding. Barnes v. Suddard, (Ill.) 7 N. E. Rep. 477.

the state of New York entitled ' An act to authorize the formation of corporations for manufacturing, mining, mechanical, and chemical purposes,' passed February 17, 1848, and the several supplements thereto.

"(3) The articles of association of said corporation contain, *inter alia*, the following paragraph: '(11) The objects for which said company is formed are to acquire by purchase, lease, or otherwise, and to hold and convey lands in the mineral oil producing regions of Pennsylvania, and elsewhere, and to carry on the business of mining and boring for petroleum or mineral oils, and other mineral products of such lands, and extracting the same from the earth.'

"(4) If the court shall be of opinion that, under the law, the plaintiff is entitled, upon the facts as recited, to recover, then judgment to be entered on the verdict for the plaintiff; otherwise judgment to be entered for the defendant *non obstante veredicto.*"

By the fifth section of the act of assembly of the commonwealth of Pennsylvania of April 26, 1855, (P. L. 329; 1 Purd. 361,) it is enacted that "no corporation other than such as shall have been incorporated under the laws of this state, nor shall any foreign government, potentate, or power, hereafter acquire and hold any real estate within this commonwealth, directly in the corporate name, or by or through any trustee or other device whatsoever, unless specially authorized to hold such property by the laws of this commonwealth." And by the ninth section of said act (1 Purd. 719) it is provided that all property hereafter "acquired and held" by corporations forbidden by said act to hold the same, or held contrary to the intent of the act, shall escheat to the commonwealth; and, upon the same being adjudged to have escheated under judicial proceedings by *quo warranto*, it shall be taken into possession, and disposed of as in cases of property escheated for defect of heirs.

The question of law arising upon the agreed state of facts is whether the plaintiff, in view of the above recited provisions of the act of April 26, 1855, by its purchase of the land in controversy, and the conveyance to it of the title thereto, acquired the legal estate therein. If the plaintiff has the legal estate in the land, it can of course recover, for the defendant has shown no title whatever, but, as against the plaintiff, is a mere intruder.

The leading case in Pennsylvania on the subject of the effect of a conveyance of real estate to a corporation forbidden by law to "purchase *and hold*" the same, is that of *Leazure* v. *Hillegas*, 7 Serg. & R. 313, in which it was held that such corporation might purchase and take title to the real estate; its title, however, like that of an alien, being defeasible at the pleasure of the commonwealth. That case, and the later case of *Goundie* v. *Water Co.*, 7 Pa. St. 233, settle the principle that the commonwealth alone can object to a want of capacity in a corporation to hold land. In *Runyan* v. *Lessee of Coster*, 14 Pet. 122, (a Pennsylvania case in its facts singularly like the present case,) the supreme court of the United States, following the ruling in *Leazure* v. *Hillegas*, sustained the right of a foreign corporation to maintain an action of ejectment for land which it was not licensed to hold under the laws of Pennsylvania, the commonwealth not having exercised its right of escheat.

The supreme court of Pennsylvania had occasion to consider the act of April 26, 1855, in the case of *Slate Co.* v. *Savings Bank*, 8 Wkly. Notes Cas. 430, and therein declared that it was a mortmain act, disabling foreign corporations from acquiring and holding real estate, but the commonwealth only can take advantage of the disability, and that it was not intended that a deed to a foreign corporation should be void so as not to pass the estate of the grantor. Evidently these cases are decisive in favor of the plaintiff's right, upon the agreed facts, to maintain this action.

The court, then, being of opinion that under the law the plaintiff is entitled, upon the facts agreed on, to recover the land described in the writ of ejectment, it is ordered that judgment be entered on the verdict in favor of the plaintiff.