DULUTH MUSIC COMPANY, Appellant, vs. CLANCY and another, Respondents.

*April 1—April 20, 1909.*

*Commerce: Interstate commerce: Foreign corporations: Contracts: Validity: Statutory inhibitions: Conditional sales: Rescission: Conditions precedent: Tender: Replevin.*

1. Where goods are shipped by a resident of another state to his commission agent in Wisconsin, not in response to an order from a purchaser, but to be held as part of his stock of commission goods in Wisconsin, a sale and delivery thereof by the commission agent is not a transaction of interstate commerce.

2. The place of payment specified in a note given for the purchase of goods under such circumstances, even if in another state, has no bearing upon the question of whether or not the sale and delivery in Wisconsin was an act of interstate commerce.

3. A conditional contract of sale of property located in Wisconsin, made in Wisconsin on behalf of an unlicensed foreign corporation by its resident agent, followed by change of possession and

partial payment, under the provisions of sec. 1770b, Stats. (1898), is void in behalf of the unlicensed corporation, but enforceable against it.

4. In such case the seller cannot assert that no contract ever existed and retake the goods in replevin without tendering a return of what has been received.

5. Although there is a limit beyond which the legislature cannot go in declaring one party to an illegal contract bound and the other free, yet such limit is not reached or passed in a case where such provision is an additional penalty for violation of law, or where the lawbreaking party seeks to assert the invalidity of the contract and recover back its property without returning the consideration received.

6. Where a contract of sale is invalid on account of mistake or fraud, and the seller seeks by replevin of the goods to rescind the contract, he must first return what he has received.

APPEAL from a judgment of the superior court of Douglas county: CHARLES SMITH, Judge. *Affirmed.*

*H. V. Gard,* for the appellant, cited, among other cases, *Dunlop v. Mercer,* 156 Fed. 545; *Atlas E. Works v. Parkinson,* 161 Fed. 223; *Chickering-Chase Bros. Co. v. White,* 127 Wis. 83, 106 N. W. 797; *Greek-Am. S. Co. v. Richardson D. Co.* 124 Wis. 469, 102 N. W. 888; *Loverin & B. Co. v. Travis,* 135 Wis. 322, 115 N. W. 829; *Caldwell v. North Carolina,* 187 U. S. 622, 23 Sup. Ct. 229; *Butler Bros. S. Co. v. U. S. R. Co.* 156 Fed. 1; *N. W. U. P. Co. v. Shaw,* 37 Wis. 655.

For the respondents the cause was submitted on the brief of *Dietrich & Dietrich.* Among other references upon the part of the respondents were the following: *Turner v. Pierce,* 31 Wis. 342; *Elwell v. Adder M. Co.* 136 Wis. 82, 116 N. W. 882; *Stahl v. C., St. P., M. & O. R. Co.* 94 Wis. 315, 68 N. W. 954; *Wausau B. Co. v. Plumer,* 35 Wis. 274; *Melchoir v. McCarty,* 31 Wis. 252; *Moore v. Kendall,* 2 Pin. 99; *Cohn v. Heimbauch,* 86 Wis. 176, 56 N. W. 638; *Gibbons v. Ogden,* 9 Wheat. 1; *Brown v. State,* 12 Wheat. 419; *Brown v. Houston,* 114 U. S. 622, 5 Sup. Ct. 1091; *Am. H. Co. v. Shaffer,* 68 Fed. 750; *Robbins v. Shelby Co. Tax. Dist.*

120 U. S. 489, 7 Sup. Ct. 592; *Thormaehlen v. Kaeppel,* 86 Wis. 378, 56 N. W. 1089.

TIMLIN, J.   The plaintiff, a foreign stock corporation engaged in the sale of pianos and musical instruments, and which had not complied with the requirements of sec. 1770*b*, Stats. (1898), and amendments thereunto, brought this action of replevin for a piano against the defendants.   Its principal place of business is at Duluth, Minnesota, and it had a resident agent at Superior, Wisconsin, who was authorized to sell its pianos in the city of Superior.   September 30, 1907, through this agent and at Superior, Wisconsin, the plaintiff sold and delivered to the defendants the piano in question for the agreed price of $300, and received in part payment of the same from the defendants an organ valued at $75, and the defendants executed to the plaintiff at Superior, Wisconsin, on the same day a promissory note payable on or before May 30, 1910, for $225, payable in instalments at the rate of $7 per month beginning on October 30, 1907, and monthly thereafter until paid, with interest at six per cent. per annum.   At the same time there was executed by the defendants and delivered to the plaintiff's agent at Superior, Wisconsin, an instrument in writing, wherein it was expressly agreed that the title, ownership, and right of possession in and to the piano did not pass from the plaintiff until the payments specified in the above-mentioned note and the interest thereon had been fully made.   This contract contained other provisions to the effect that in the event of failure or neglect to make the payments, or for other reasons specified, the plaintiff might declare the whole amount due and payable and bring suit for the unpaid amount of the note, or might take possession of the piano and sell the same at public or private sale, crediting the net proceeds of sale on this note, and in this case all moneys paid on the purchase price of the piano should be retained by the plaintiff as liq-

uidated damages.   This piano was shipped by the plaintiff
to its resident agent in Superior some days before the sale
thereof, and was by him unboxed, put in his place of busi-
ness, and thereafter offered to defendants for sale, and sold
and delivered to them in Superior, Wisconsin.   A few days
thereafter the plaintiff signed the conditional sale agreement
on its part.   Defendants made two payments aggregating
$14 on the note, but no more.   The plaintiff, before begin-
ning replevin, demanded possession of the piano, which de-
mand was refused.   It did not return or offer to return the
consideration received.   One of the defendants is an infant
and was the owner of the organ taken by the plaintiff in ex-
change, and the other defendant, when the demand for pos-
session of the piano was made by plaintiff, informed plaintiff
it could have the piano if the organ was returned.   The su-
perior court concluded from the foregoing facts that at the
time of the sale of said piano by the plaintiff to defendants
and at the time of the execution of the contract of conditional
sale the plaintiff could not lawfully transact business or ac-
quire, hold, or dispose of property in this state, and that said
contract of conditional sale was wholly void in plaintiff's be-
half.   He therefore adjudged a return of the piano with six
cents damages to the defendants, or, in the alternative, judg-
ment for $200, its value, in case a return could not be had.
The case was partly tried to a jury and covered by findings
of the court, but no extended reference to that incident of the
trial is necessary.

It is·thought by appellant that the superior court erred in
its conclusions of law based upon the facts above recited, and
it contends that the transaction above detailed was one of in-
terstate commerce and therefore valid, but that, even if the
conditional sale contract is void, the title and right to posses-
sion remained in the plaintiff.   Where goods are shipped by
a resident of another state to his commission agent in this

state, not in response to an order from a purchaser, but to be held by such agent as the whole or part of his stock of commission goods in this state and thereafter to be sold and delivered from said stock in this state by this commission agent; this last sale and delivery is not a transaction of interstate commerce. *Emert v. Missouri*, 156 U. S. 296, 16 Sup. Ct. 367; *Hynes v. Briggs*, 41 Fed. 468; *Kehrer v. Stewart*, 197 U. S. 60, 25 Sup. Ct. 403; *Loverin & B. Co. v. Travis*, 135 Wis. 322, 115 N. W. 829.

The place of payment specified in the note given for part of the purchase money might in some cases be considered sufficient to stamp the note as a contract of the state of Minnesota where performance was due, but has no bearing upon the question of whether or not the sale and delivery of the piano in Wisconsin was an act of interstate commerce. The contract was void in behalf of the unlicensed corporation, but enforceable by the other party against it by the express terms of sec. 1770b, Stats. (1898), as amended by sec. 27, ch. 351, Laws of 1899, sec. 1, ch. 399, Laws of 1901, ch. 434, Laws of 1901, and sec. 1, ch. 506, Laws of 1905.

By another provision of the same statute the unlicensed corporation was forbidden to transact business or acquire or hold or dispose of property in this state, and a penalty is imposed upon it for violation of this interdict. The contract of sale was void so far as it secured any right or title to the plaintiff or changed the usual and ordinary legal consequences of what actually took place, and the attempted sale or disposal of the piano by the plaintiff was forbidden by law and void. *Ashland L. Co. v. Detroit S. Co.* 114 Wis. 66, 89 N. W. 904. The appellant contends, however, that notwithstanding the invalidity of the contract it may recover in replevin because the defendants acquired no right to the piano except that attempted to be conferred by the void contract, and, assuming that the conditional sale contract is

invalid, the former ownership and right of possession of appellant continues unaffected by the void contract. The case of *Dunlop v. Mercer,* 156 Fed. 545, is cited to support this contention and to some extent it does so. But the statute there under consideration, as noted in the opinion, did not, like our statute, declare the contract void in behalf of the unlicensed corporation, but enforceable against it. Nor was there any part performance or part payment by the purchaser, as we understand that decision. There is doubtless a limit beyond which the law cannot go in holding one party to an illegal contract bound and the other free, but that limit is not reached or passed in a case where this provision can be considered an additional penalty on that party for violation of law, or where the lawbreaking party seeks to assert the invalidity of the contract and recover back its property without returning the consideration received by it. Where a contract of sale is invalid on account of mistake or fraud, and a party thereto seeks by replevin of the goods to rescind the contract, he must first return what he has received. 2 Mechem, Sales, §§ 854, 914 *et seq.; Friend Bros. C. Co. v. Hulbert,* 98 Wis. 183, 73 N. W. 784, and cases cited. So where a contract is declared by statute to be void as against one of the parties thereto, but enforceable by the other party against him, as the buyer has by the conditional contract at least the right of possession, the seller cannot assert that no contract ever existed and retake the goods in replevin without tendering a return of what he has received. No such thing was done in this case, and it is undisputed that the appellant received an organ valued at $75 and $14 in money from the defendants in part payment for the piano. It therefore showed no right to maintain the action. If such tender had been made in the instant case we would then reach the question discussed in respondents' brief whether the law would aid the appellant in obtaining a return of its property disposed of and attempted to be sold by it in this state in viola-

tion of law. Because unnecessary to the decision of this case we prefer not to decide that question, but leave it for future argument and investigation should it arise.

*By the Court.*—The judgment of the superior court is affirmed.