LANZ-OWEN & COMPANY, Appellant, vs. GARAGE EQUIPMENT
MANUFACTURING COMPANY, Respondent.

*December 10, 1912—January 7, 1913.*

*Foreign corporations: Contracts: Validity: Right to hold real prop-
erty: Removal of disability: Relation: Validating deed or lease:
Limitation upon action or defense: Statutes construed.*

1. Under sec. 1770*b*, Stats., the contract of a foreign corporation
   which has not complied with that section, affecting the per-
   sonal liability of such corporation or relating to property within
   this state, is void, only at the election of the party dealing with
   the corporation. Neither the corporation nor its assigns can
   enforce the contract against the other party; but such party
   may affirm or disaffirm it at his election. TIMLIN, J., dissents.
2. By subsec. 1 of sec. 1770*j*, Stats. (Laws of 1911, ch. 142), the dis-
   ability of a foreign corporation, coming within the terms of the
   act, to hold real property within this state which it had ac-
   quired or attempted to acquire as there stated, was removed
   from the time the act took effect; but such removal did not
   relate back to the date of the deed or lease under which the cor-
   poration claimed title, nor validate such instrument from its
   inception.
3. Subsec. 2 of said sec. 1770*j* limited to one year after the act took
   effect the time within which any person claiming that the legal
   title to real property was invalid by reason of the failure of
   any corporation coming within the terms of subsec. 1 to com-
   ply with sec. 1770*b* might commence an action or interpose a
   defense on such grounds; and such limitation, being a reason-
   able one, was within the power of the legislature.
4. The right to commence such action or interpose such defense was
   not limited to a person who had contracted with the corpora-
   tion.
5. A "corporation coming within the terms of subsection 1" was
   one that had acquired or attempted to acquire legal title by
   deed or lease to real property in this state before complying
   with sec. 1770*b*, and which thereafter complied with that sec-
   tion before the enactment of sec. 1770*j*.
6. The words "legal title" in subsec. 2 of sec. 1770*j* refer to the
   same subject as do the same words in subsec. 1, namely, a legal
   title by deed or lease.

7. Real property in this state was leased by the owner to a foreign
corporation which had not complied with sec. 1770b, Stats.,
but which thereafter complied therewith before sec. 1770j took
effect. After sec. 1770j took effect the corporation sued one
who, it alleged, had unlawfully withheld from it the possession
of the leased property. Within a year after sec. 1770j took
effect the defense was interposed that the lease to plaintiff was
invalid because given before plaintiff had complied with
sec. 1770b. *Held,* on demurrer, that such defense was good.

APPEAL from an order of the circuit court for Milwaukee
county: W. J. TURNER, Circuit Judge. *Affirmed.*

Plaintiff, a foreign corporation, on the 30th day of April,
1910, entered into a written lease with the owner of a build-
ing situated in Milwaukee, a part of which was occupied by
the defendant, for three years commencing on the 1st day of
April, 1910. Plaintiff claims defendant's lease of the prem-
ises in question expired May 1, 1910. On said date it noti-
fied defendant of its lease and demanded possession of the
portion of the premises held by defendant. Possession was
refused and withheld from plaintiff from May 1 to July 1,
1910. This action, begun on the 5th day of July, 1911, is
brought to recover damages caused by the alleged unlawful
detention of the premises by the defendant.

As a first defense to the cause of action the defendant al-
leged upon information and belief that prior to the 25th day
of June, 1910, the plaintiff had in no wise complied with
any of the provisions of sec. 1770b, Stats., and acts amend-
atory thereof, alleging the same in detail, and that by rea-
son of a noncompliance therewith it was not at any time prior
to the 25th day of June, 1910, authorized or licensed to lease
or hold real estate or to transact business in the state of Wis-
consin; that the lease set forth in the complaint, if made at
all, was made, and delivered to plaintiff within the state of
Wisconsin, prior to the 25th day of June, 1910, and before
plaintiff had complied with the requirements of sec. 1770b,
Stats., and the acts amendatory thereof, and that the same

was null and void and ineffective to give plaintiff any right to the possession of the premises mentioned in the complaint. The first defense also contained allegations to the effect that during the month of November, 1910, plaintiff brought an action against the defendant in the circuit court for Milwaukee county to recover damages for the same wrong complained of by it in the present action; that after a demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action had been overruled, by consent of both parties the action was duly discontinued on the 27th day of March, 1911.

Plaintiff demurred to the first defense on the ground that it appeared upon the face thereof that it did not constitute a defense. From an order overruling such demurrer it appealed.

For the appellant there was a brief by *Lines, Spooner, Ellis & Quarles,* and oral argument by *Fred C. Ellis.*

For the respondent there was a brief by *Flanders, Bottum, Fawsett & Bottum,* and oral argument by *C. E. Monroe.*

VINJE, J.   The issue raised by the demurrer calls for the construction of ch. 142, Laws of 1911, as amended by sec. 12, ch. 664, Laws of 1911.   The enactment is as follows:

"Section 1. There is added to the statutes a new section to read: Section 1770*j*. 1. Any corporation organized otherwise than under the laws of this state, having acquired, or attempted to acquire, legal title by deed, or lease to any real property in this state, before complying with the terms of section 1770*b* of the statutes, or acts amendatory thereof, and which has thereafter, and before the passage of this act, complied with said section, shall be and is hereby relieved from any disability provided in said statute or prohibition therein contained, so far as said section relates to the acquisition and holding of the property so acquired, or attempted to be acquired.

"2. Any person claiming that the legal title of any corporation or of any person claiming by, through, or under such

corporation, to any real property acquired, or attempted to be acquired, is invalid by reason of the failure of any corporation coming within the terms of subsection 1 of this section to comply with section 1770b of the statutes, or acts amendatory thereof, shall commence action to recover the property, or to declare the legal title of said corporation void, or interpose a defense on such grounds, within one year from the passage and publication of this act, and in case of failure to do so his right of action or defense, based upon the failure to comply with said section by any such corporation, shall be deemed to have expired; provided that this section shall not affect any action now pending.

"Section 2. This act shall take effect and be in force from and after its passage and publication."

The plaintiff contends that this amendment to sec. 1770b, Stats., relieves from disability any corporation that, before its passage, complied with sec. 1770b, and that such removal of disability relates back to the date of the instrument through which legal title was acquired or attempted to be acquired, and validates the instrument from its inception. Hence that plaintiff, having complied with sec. 1770b on June 25, 1910, had its disability to lease property within this state removed as of the date of its lease, to wit, April 30, 1910, and was therefore entitled to the possession of the premises in question on May 1, 1910, when defendant's lease expired.

The correctness of this contention must be tested by the language and manifest purpose of the amendatory act. Prior to its passage every contract made by or on behalf of any foreign corporation included in sec. 1770b affecting the personal liability of such corporation or relating to property within this state, before it had complied with said section, was wholly void on its behalf and on behalf of its assigns, but was enforceable against it or them. Reference to the decided cases affected by this section shows that the contract entered into is not absolutely void. *Ashland L. Co. v. Detroit S. Co.* 114 Wis. 66, 89 N. W. 904; *Beaser v. Barber A. P. Co.* 120 Wis. 599, 98 N. W. 525; *Allen v. Milwaukee,* 128 Wis.

678, 106 N. W. 1099; *Duluth M. Co. v. Clancy,* 139 Wis. 189, 120 N. W. 854; *Rib Falls L. Co. v. Lesh & M. L. Co.* 144 Wis. 362, 129 N. W. 595; *Hanna v. Kelsey R. Co.* 145 Wis. 276, 129 N. W. 1080.   In the first case cited, the proper limitation is found on page 78 of the opinion by declaring it a nullity in so far as it is sought to be enforced on behalf of the foreign corporation by way of counterclaim.   In the last case cited, language declaring it void without limitation is used, but the court was dealing with a case in which a foreign corporation sought to assert the validity of its deed, and it was held that plaintiff, though not a party to but affected by it, could invoke the aid of the statute.   The decision upon this branch went no further.   The contract is void only at the election of the party dealing with the corporation.   Neither the corporation nor its assigns could enforce it against the other party.   But such party may affirm or disaffirm the contract at his election.   And as the law stood prior to the amendment of 1911, no period of limitation within which such right of affirmance or disaffirmance must be exercised was prescribed.   By the first subsection of the amendment the disability of a foreign corporation that previous to the amendment thereof had complied with sec. 1770*b* was removed so far as it related to the acquisition and holding of property acquired or attempted to be acquired.   The language is, such corporation "shall be and is hereby relieved from any disability provided in said statute or prohibition therein contained, so far as said section relates to the acquisition and holding of the property so acquired, or attempted to be acquired."   But such removal of disability dates from and after the time the act took effect.   It does not relate back to the date of the contract, much less validate the contract from the time it was made.   The effect of the first subsection is to remove, from the time the act takes effect, the disability of a foreign corporation coming within its provisions, to hold property within this state.   It says nothing as to the validity

or invalidity of any contract previously entered into relative to the same. The presumption obtains, except as to some mere remedial statutes, that, unless the contrary clearly appears, enactments have only a prospective effect. *Chicago T. & T. Co. v. Bashford,* 120 Wis. 281, 97 N. W. 940. That there was no legislative intent to validate past contracts is evidenced by subsection 2, which provides a period of limitation of one year within which a party who has entered into any contract with a foreign corporation coming within the provisions of subsection 1 of the act, namely, one that at the time of entering into the contract had not complied with the provisions of sec. 1770*b*, but which before the passage of the amendment in 1911 had complied therewith, may begin an action to disaffirm the contract, or set up a defense to a contract, on the ground that sec. 1770*b* was not complied with. Had the legislature conceived that the legal disability to hold property was removed from the date of the contract, or that the contract by force of the amendment became valid from the time of its execution, there would have been no necessity or reason for providing a period of one year within which it might be defeated by action or defense. As the law stood before the passage of the amendment, such action might be instituted, or defense set up, at any time. After such amendment took effect, it could be begun or set up as to corporations coming within the provisions of subsection 1 only within a year thereof. In other words, the legislature prescribed a period of limitation within which the right to disaffirm should be exercised as to corporations within its provisions. Foreign corporations failing to comply with sec. 1770*b* previous to the amendment are unaffected thereby. As to them the limitation of one year does not apply.

It follows, from the provisions of the amendment and the original act, that if a year elapses within which no action is begun or defense set up by the other party, then as to corporations within its provisions the contract becomes valid on

behalf of the corporation, and it will be protected in the rights it then enjoys, or is then entitled to, under the contract. The amendment, after the expiration of the period of limitation fixed by it, protects a corporation coming within its provisions in the rights which it has possessed and enjoyed under its contract previous thereto. It does not create, or provide for the enforcement of, new rights relating to the past which were not then either possessed or enjoyed by the corporation. It makes no contract for the parties, nor does it allow the corporation to insist upon the validity of contracts already made, unless the other party fails to disaffirm or set up a defense to the contract within the year. In other words, it leaves the contract made just as it was, except that it provides that the right of the party dealing with a corporation, that is within the amendment, to disaffirm the contract must be exercised within the year, otherwise it shall be deemed to be binding upon him.

A party dealing with a foreign corporation that had not complied with sec. 1770b did not agree to become bound absolutely. He entered into such contract with the right reserved to enforce or disaffirm it at his election. The amendment has not cut off such right of election, but has merely prescribed a reasonable period within which it must be exercised. The power of the legislature to prescribe a reasonable time within which rights may be enforced is unquestioned. It is also evident that a period of one year is a reasonable time within which to exercise the right of election to disaffirm.

It follows that the plaintiff had no contract which it could enforce at the time the defendant held possession of the leased premises; that, never having possessed or enjoyed any right thereunder as against the defendant after its disability to hold property in this state was removed, the defendant, though treated as a trespasser, violated no legal rights of the plaintiff. Subsection 2 of the amendment specifically permits it to set

up such defense within a year. The language is, "any person" claiming that the legal title is invalid by reason of the failure of any corporation coming within the amendment to comply with sec. 1770*b* shall commence action or interpose a defense within a year. The right to do so is not limited to the party contracting with the corporation. *Hanna v. Kelsey R. Co.* 145 Wis. 276, 129 N. W. 1080. Here the defendant has set up such a defense within the year.

Plaintiff's contention that subsection 2 does not apply to a corporation that has complied with sec. 1770*b* before the enactment of the amendment is manifestly untenable. It is just to such a corporation that it does apply. The language is, "the failure of any corporation coming within the terms of subsection 1 of this section." A corporation coming within the terms of subsection 1 of the section is one that acquired or attempted to acquire property within this state before it complied with sec. 1770*b* and that had complied therewith prior to the passage of the amendment. Likewise, its claim that subsection 2 does not apply to leases because it does not mention them, has no support. The language of subsection 1 is, "having acquired, or attempted to acquire, legal title by deed, or lease;" that of subsection 2 is, "claiming that the legal title" is invalid. The words "legal title" in the second subsection refer to precisely the same subject as do the words "legal title" in the first subsection, namely, a legal title by deed or lease. It was not necessary to repeat the latter words.

In disposing of this case the court has assumed that defendant had no valid lease of the premises after May 1, 1910, and that plaintiff's right to maintain the present action is not affected by the discontinuance of the former action.

*By the Court.*—Order affirmed.

TIMLIN, J. I concur in the decision of the court, but I do not wish to be bound by the following statements contained in the written opinion:

"The contract is void only at the election of the party deal-ing with the corporation. Neither the corporation nor its assigns could enforce it against the other party. But such party may affirm or disaffirm the contract at his election."

I think these statements are erroneous and contrary to previous decisions, and I fear the words will hereafter be made a basis for the claim on the part of the foreign un-licensed corporations that such contract may be validated by subsequent affirmation or by estoppel, and the statute thus frittered away.