## LOCAL INV. CO. v. HUMES *et al.*

No. 4523.   Opinion Filed September 14, 1915.

(151 Pac. 878.

1.   **CORPORATIONS—Mortgages—Transfer of Mortgage—Right—Presumption.** The proviso, in section 2, art. 22 (Williams, sec. 349) of our Constitution, "that corporations shall not be precluded from taking mortgages on real estate to secure loans or debts," does not limit this right to the taking of mortgages directly and immediately from the mortgagor, but also permits corporations to take the same for such purpose from the mortgagee or any subsequent holder.

  (a)   A mortgage, as distinct from the debt it secures, is not a thing of value nor a fit subject of transfer; and, being only an incident or accessory of such debt, it will be presumed that, in a transfer of a note evidencing a debt and a mortgage securing the same, transfer of the note and debt preceded the transfer of the mortgage, so that in such case the mortgage is taken by the transferee to secure a debt.

2.   **CORPORATIONS — Conveyance of Realty — Validity — Right to Question.** A conveyance of real estate to a corporation in violation of section 2, art. 22 (Williams, sec. 349), of our Constitution, is not absolutely void, but merely voidable in its ordinary aspects.

  (a)   The state alone, ordinarily, can question the corporation's right to hold under such conveyance.

(Syllabus by Thacker, C.)

*Error from District Court, Craig County;*
*Preston S. Davis, Judge.*

Action by the Local Investment Company, a corporation, against Ella Humes and another. Judgment for defendants, and plaintiff brings error. Reversed and remanded, with directions.

*Wm. P. Thompson,* for plaintiff in error.

Opinion by THACKER, C. The plaintiff in error, a domestic corporation, on September 15, 1911, commenced this action against defendants in error on a note for the principal sum of $800, with interest thereon, and to foreclose a real estate mortgage securing the same, which note and mortgage plaintiff held as transferee for value from T. H. Byrd, to whom defendants had executed the same on December 3, 1908.

The said real estate is described in the petition and mortgage as the S. E. ¼ of the S. E. ¼ of section 23, township 27 N., range 20 E., and N. ½ of N. E. ¼ of N. E. ¼ and S. E. ¼ of N. E. ¼ of N. E. ¼ of section 26, township 27 N., range 20 E.

A demurrer to said petition was sustained and judgment thereon entered against the plaintiff upon the ground that its acquisition of this note and mortgage and its demand of foreclosure were in violation of section 2, art. 22 (Williams, sec. 349), of our Constitution, and that the plaintiff therefore acquired and has no right of action against the defendants, the makers thereof.

Said section 2, in part, reads:

"No corporation shall be created or licensed in this state for the purpose of buying, acquiring, trading, or dealing in real estate other than real estate located in incorporated cities and towns and as additions thereto; nor

shall any corporation doing business in this state buy, acquire, trade, or deal in real estate for any purpose except such as may be located in such towns and cities, and as additions to such towns and cities, and further except such as shall be necessary and proper for carrying on the business for which it was chartered or licensed. * * * Provided, however, that corporations shall not be precluded from taking mortgages on real estate to secure loans or debts or from acquiring title thereto upon foreclosure of such mortgages or in the collection of debts. * * * And provided, further, that this section shall not apply to trust companies taking only the naked title to real estate in this state as a trustee to be held solely as security for indebtedness pursuant to such trust. And provided, further, that no public service corporation shall hold any land, or the title thereof, in any way whatever in this state, except as the same shall be necessary for the transaction and operation of its business as such public service corporation."

"A mortgage is only an incident or accessory of the debt it secures; and, if the debt be transferred, the mortgage follows it without formal transfer, in the absence of any agreement to the contrary." (27 Cyc. 1286.)

A mortgage, as distinct from the debt it secures, is not a thing of value nor a fit subject of transfer, although equity may presume a transfer of the debt to save the transfer of a mortgage from being a mere nullity when the circumstances warrant such a construction. 27 Cyc. 1286. It thus appears that the debt precedes and is followed by the mortgage.

If the plaintiff had purchased and acquired the note without express reference to the mortgage, as it appears it might have done under this section of the Constitution, the defendants, as makers of the note, would have at once become its debtors; and the mortgage would immediately have followed the note as security for the debt to it, apparently without affording even any color of

ground for denial of its right to take the same as security for such debt under this section of the Constitution. And, in our opinion, it must be presumed, in deference to the foregoing considerations, that in the transfer of this note and mortgage to the plaintiff the transfer of the note immediately preceded the mortgage and established a debt from the defendants to the plaintiff which, under the Constitution, a mortgage might be (as this mortgage was) taken to secure. And this view is in perfect consonance with the purpose of the inhibitions against corporations in this section of the Constitution (see *Louisville School Board et al. v. King*, 107 S. W. 247, 32 Ky. Law Rep. 687, 15 L. R. A. [N. S.] 379), as well as with the express proviso permitting corporations to take mortgages upon real estate to secure loans or debts. This permissive clause is in terms making it indisputably certain that corporations may take mortgages direct from their makers whenever there is a prior loan or debt to be secured by the same, although the loan or debt may have sprung into existence and have preceded the mortgage by only an infinitesimally short space of time.

There is no conceivable purpose in nor possibility of construing this provision of the Constitution to deny corporations the right to take mortgages if the debt only precedes it in legal theory and by only an infinitesimally short space of time, while authorizing it to do so if the time or character of the transaction makes the prior existence of the debt more appreciable.

It thus appears that the plaintiff took this mortgage from T. H. Byrd, the original mortgagee, as expressly authorized by the first proviso in the above-quoted section of the Constitution.

Further, to hold that the buying, acquiring, trading, or dealing in real estate inhibited by this section of the Constitution renders absolutely void in every aspect any conveyance therein to a corporation of any title, interest, or right in or to real estate would leave the title in the grantor, who is not prohibited from conveying and who may have received full compensation for the same and has not been wronged as an individual, and would defeat the state's right of escheat (10 Cyc. 551, 552) expressly recognized and provided for in Session Laws 1907-08, p. 388 (section 8437, Rev. Laws 1910).

Accordingly, it appears to be well settled that a conveyance to a corporation in violation of said section of the Constitution is not absolutely void, but merely voidable in its ordinary aspects. *Lynch v. Perryman,* 29 Okla. 615, 119 Pac. 229, Ann. Cas. 1913A, 1065, touching the question only incidentally; *Fritts v. Palmer,* 132 U. S. 282, 10 Sup. Ct. 93, 33 L. Ed. 317; *Jones v. Habersham,* 107 U. S. 174, 2 Sup. Ct. 336, 27 L. Ed. 401; *Puget Sound Nat. Bk. of Seattle v. Fisher,* 52 Wash. 246, 100 Pac. 742, 17 Ann. Cas. 526, and notes thereto; *Hanna v. Kelsey Realty Co.,* 145 Wis. 276, 129 N. W. 1080, 33 L. R. A. (N. S.) 355, and notes thereto, 14 Am. St. Rep. 1075; *Kohlruss v. Zachery,* 139 Ga. 625, 77 S. E. 812, 46 L. R. A. (N. S.) 72, and notes thereto; *Hanson v. Little Sisters of the Poor,* 79 Md. 434, 32 Atl. 1052, 32 L. R. A. 293, and notes thereto.

The foregoing cases and others therein cited also appear to establish the proposition that the state alone can question the corporation's right to hold under such conveyance, except perhaps where individual wrong or injustice would result from denying the right to do so to such individual and would require that such convey-

ance be regarded as void in its aspect as affecting such individual. *Plummer v. Chesapeake & Ohio Ry. Co. of Kentucky,* 143 Ky. 102, 136 S. W. 162 33 L. R. A. (N. S.) 362. Also, see *Hanna v. Kelsey Realty Co.,* 145 Wis. 276, 129 N. W. 1080, 33 L. R. A. (N. S.) 355, 140 Am. St. Rep. 1075, where the statute expressly makes such conveyances void; *Fowler v. Scully,* 72 Pa. 456, 13 Am. Rep. 609, where, a loan by a national bank on the security of a mortgage on real estate being *ultra vires,* it is held that its enforcement may be resisted by the mortgagor's assignee for the benefit of creditors.

For the reasons stated, the judgment of the trial court should be reversed, and the cause remanded, with instructions to overrule the demurrer.

By the Court:   It is so ordered.