ALLEN, Receiver, Appellant, vs. FULTON, Respondent.

*April 4—April 30, 1918.*

*Foreign corporations: Validity of contracts in this state: Stock subscription: Election to affirm: Stockholders' liability to creditors.*

1. Where a resident of this state, through transactions carried on wholly within the state, subscribed and paid for and received stock in a Minnesota corporation which had not complied with the requirements of sec. 1770*b*, Stats., so as to entitle it to transact business in this state, such contract was one affecting the personal liability of the corporation and is governed by sub. 10, and not by sub. 2, of said sec. 1770*b*.

2. Where, after such contract of subscription was fully executed, the subscriber owned and retained the stock for a number of years, he must be deemed to have elected to affirm the contract and, as a lawful stockholder, he may, in an action by a receiver of the corporation on behalf of its creditors, be held upon the stockholders' liability created by the law of Minnesota.

APPEAL from an order of the circuit court for Columbia county: CHESTER A. FOWLER, Circuit Judge. *Reversed.*

Action to enforce a stockholder's liability. On or about October 10, 1910, the defendant, a resident of this state, through transactions carried on entirely within this state, subscribed and paid for five shares of stock of the par value of $100 each in the O. W. Kerr Company, a Minnesota corporation that had not complied with the provisions of sec. 1770*b*, Stats. 1898, and of which company the plaintiff was appointed a receiver on the 13th day of March, 1915, because it was then hopelessly insolvent. Defendant received his certificate of stock at about the time he subscribed and paid for the stock and has owned and retained the same ever since. Under the provisions of sec. 3 of art. 10 of the constitution of Minnesota every stockholder of the corporation becomes liable to creditors in an amount equal to the amount of stock owned or held by him. By due proceedings in the Minnesota court an assessment equal to the amount of stock held by

each stockholder was levied upon and ordered collected from every stockholder whether resident or nonresident. The receiver brought this action to collect such assessment from the defendant, who set up the defense, among others, that the O. W. Kerr Company had not complied with the provisions of sec. 1770b, Stats. 1898, and acts amendatory thereof, and therefore his transactions with the corporation were wholly void. Plaintiff demurred to this defense, and from an order overruling the demurrer he appealed.

For the appellant there were briefs by *Kelm & O'Keefe* of Portage, attorneys, and *Morphy, Bradford & Cummins* of St. Paul, Minnesota, of counsel, and oral argument by *E. H. Morphy* and *W. O. Kelm.*

For the respondent there was a brief by *David Bogue* of Portage and *Royal F. Clark* and *A. W. Lueck* of Beaver Dam, attorneys, and *W. S. Stroud* of Portage, of counsel; and the cause was argued orally by *Mr. Stroud* and *Mr. Clark.*

VINJE, J. This appeal raises the question whether a resident of this state, who through transactions carried on wholly within it buys, pays for, and receives stock in a foreign corporation that has not complied with the provisions of sec. 1770b, Stats., can, after he has owned and retained such stock for a number of years, be held upon the stock liability created by the state of domicile of the foreign corporation. The answer to the question depends upon whether his transactions with the corporation are rendered void by the provisions of sub. 10, sec. 1770b; for it was held in *Southwestern S. Co. v. Stephens,* 139 Wis. 616, 120 N. W. 408, that the purchase of stock in a foreign corporation was a transaction affecting the personal liability of the corporation and therefore came within the provisions of sub. 10 of said section, and was not governed by sub. 2. It may be noted in passing that all transactions with a foreign corporation that has failed to comply with the provisions of sec. 1770b come within the

scope of sub. 2 thereof and are made unlawful unless they
also come under and are governed by the provisions of sub.
10.   Sub. 10 takes all transactions affecting the personal li-
ability of the corporation out of the general condemnation of
sub. 2 and provides that they may be enforced against but
not by the corporation.   They are therefore not void but
voidable at the election of the party dealing with the corpo-
ration, as was held in the case of *Lanz-Owen & Co. v. Garage
E. M. Co.* 151 Wis. 555, 139 N. W. 393.   Such party may
affirm or disaffirm the contract at his election.   In the case
of *Southwestern S. Co. v. Stephens,* 139 Wis. 616, 120 N. W.
408, the corporation brought an action to collect the balance
due on a stock subscription.   That was an action brought by
the corporation itself to enforce an executory contract which
could not be deemed to have been ratified, and the court held
the contract came within the provisions of sub. 10 and hence
it could not be enforced by the corporation.   In this case the
contract of stock subscription was fully executed at the time
it was made and has been acquiesced in by the defendant
from the time he bought the stock in 1910 till this action was
brought in 1917.   Defendant must therefore be deemed to
have elected to affirm the contract of stock subscription.
Having so elected, his liability as a stockholder attached and
he can claim no immunity therefrom on the ground that the
corporation had not complied with the provisions of sec.
1770*b* at the time he bought his stock.   He could have dis-
affirmed his stock subscription contract if seasonably done
and have avoided liability as a stockholder.   But he did not
do so.   He chose to affirm the contract, and the liabilities
growing out of such affirmance may be enforced against him
by the receiver in behalf of the creditors.   This is not an ac-
tion by the corporation to enforce the contract of stock sub-
scription, but an action by the receiver in behalf of creditors
to enforce the liability of the defendant growing out of his
having elected to make a valid stock subscription contract.

When by an affirmance of the contract he elected to validate it, he became a lawful stockholder and his liabilities as such at once attached. It follows that the order overruling the demurrer to the defense pleaded was erroneous.

*By the Court.*—Order reversed, and cause remanded with directions to sustain the demurrer, and for further proceedings according to law.