Cox, Receiver, Appellant, vs. HANSON, Respondent.

*November 7, 1929—January 7, 1930.*

342

For the appellant the cause was submitted on the brief of *Linderman, Ramsdell & King* of Eau Claire.

For the respondent there was a brief by *Jeffris, Mouat, Oestreich, Avery & Wood* of Janesville, and oral argument by *Otto A. Oestreich.*

CROWNHART, J. The Federal Crushed Stone Company, a Minnesota corporation, not licensed to do business in Wisconsin, on October 13, 1920, sold to the respondent, Henry M. Hanson, of Rock county, Wisconsin, stock in its corpo-

ration to the amount of $3,000, and on the 9th of September, 1922, sold to the respondent additional stock in the amount of $1,500. The respondent received said stock, paid for the same in full, and held the same until the 2d of October, 1926, without any protest as to the illegality of the sale. During that time the respondent, by proxy, attended an annual meeting of the corporation in February, 1923, and a special meeting of the corporation in September, 1924. He received no dividends on the stock, and was never an officer of the corporation.

It is the contention of the respondent that the sale of the stock to him was void, and that he never became a stockholder in the corporation by reason thereof. This contention was made in *Allen v. Fulton,* 167 Wis. 352, 167 N. W. 429. There this court held that, by reason of the purchase of the stock, paying for the same, and retaining it for a number of years without any protest or disaffirmance of the purchase, the purchaser might be held upon the stock liability created by the state of domicile of the foreign corporation. That case governs the situation here. The respondent actively participated in the business of the corporation by authorizing his representative to attend the meetings of the corporation during 1923 and 1924, and has retained control and ownership of the stock during all the time, from the date of purchase until October, 1926. It was then too late to disaffirm his contract, within the rule of *Allen v. Fulton, supra.*

True, this court held in *Southwestern Slate Co. v. Stephens,* 139 Wis. 616, 120 N. W. 408, that the sale of stock by a foreign corporation in this state is the doing of business within the meaning of the statute forbidding such, without first having filed its articles of incorporation with the secretary of state, and declaring such business void. However, this court held in the *Allen Case, supra,* that a

purchase of stock under such circumstances may be ratified by the purchaser.

The respondent further contends that he may not be sued in the state of Wisconsin to enforce an assessment levied in the state of Minnesota upon the stock, by reason of sec. 226.06 of the Wisconsin Statutes. That section, passed in April, 1919, specifically provides that—

"No corporation organized under the laws of any other state or territory or of any foreign country required to file its articles and otherwise comply with the terms of section 226.02, and no receiver, assignee, trustee or officer thereof, however appointed, shall maintain any action in any of the courts of this state upon any subscription for stock or stock liability or assessment, however imposed, against any citizen or resident of the state of Wisconsin, if such subscription was made or the stock sold or delivered within this state, and such corporation had not, at the time of taking such subscription or selling said stock, complied with the provisions of said section 226.02 and received a license to transact business in this state. This section shall not apply where the person subscribing for or purchasing the stock shall have received dividends thereon or shall have acted as an officer of the corporation, and shall not apply to actions pending in any court of this state on April 22, 1919."

But the appellant contends that sec. 226.06, Stats., is unconstitutional in that it does not give full faith and credit to the judgments and laws of the state of Minnesota.

It appears from the stipulated facts that the Federal Crushed Stone Company became bankrupt, and upon the application of creditors of the corporation a receiver was appointed by the district court of Hennepin county in January, 1925; that in March, 1925, proceedings were duly had in such district court to enforce the liability of the stockholders of the corporation, pursuant to art. X, sec. 3, of the constitution of Minnesota, and the statutes of that state; that an assessment was duly made by the district court of Hennepin county, Minnesota, against such stockholders, in-

cluding an assessment against the respondent herein; that an appeal was taken from such assessment to the supreme court of Minnesota, wherein such assessment was affirmed. *Nortmann-Duffke Co. v. Federal Crushed Stone Co.* 167 Minn. 333, 209 N. W. 17. It is to enforce the assessment so levied that this action was brought in the circuit court for Rock county.

In *Converse v. Hamilton,* 224 U. S. 243, 32 Sup. Ct. 415, the United States supreme court held that under the full-faith-and-credit clause of the federal constitution the courts of the state of Wisconsin could not deny the right of a receiver of a Minnesota corporation to prosecute an action in the state of Wisconsin, against a citizen of Wisconsin, on his liability under a like assessment against him as a stockholder in such corporation, by the courts of Minnesota. In that case the court, after discussing the matter very fully, said:

"We perceive nothing in the decision in that case which makes for the conclusion that when the representative character, title, and duties of a receiver have been established by proceedings in a Minnesota court conformably to the altogether different provisions of the later statute embodied in ch. 272, his right to enforce in the courts of another state the assessments judicially levied in Minnesota depends upon comity, unaffected by the full-faith-and-credit clause. Indeed, the implication of the decision is to the contrary. We say this, first, because had it been thought that the controlling question was one of comity only, there would have been no occasion to consider what effect was accorded in Minnesota to the earlier statute and to the proceedings thereunder, and second, because especial care was taken to explain that the case in hand was not controlled by the decision in *Hancock Nat. Bank v. Farnum,* 176 U. S. 640, 20 Sup. Ct. 506. That was an action in a Rhode Island court by a creditor of a Kansas corporation against one of its stockholders to enforce the contractual double liability of the latter. The creditor had recovered against the corporation in a court in Kansas a judgment which, according to the laws of that

state, invested the creditor with a cause of action against the stockholder which could be asserted in any court of competent jurisdiction. The supreme court of Rhode Island, treating the right to maintain the action in that state against the stockholder as dependent upon comity only, and finding that the right with which the creditor was invested under the law of Kansas was unlike that conferred by the law of Rhode Island in like situations, ruled that the action could not be maintained in the courts of that state. 20 R. I. 466. But when the case came here it was held that full faith and credit had not been given to the Kansas judgment upon which the creditor relied, and the judgment of the supreme court of Rhode Island was accordingly reversed, it being said in that connection: 'The question to be determined in this case was not what credit and effect are given in an action against a stockholder in the courts of Rhode Island to a judgment in those courts against the corporation of which he is a stockholder, but what credit and effect are given in the courts of Kansas in a like action to a similar judgment there rendered. Thus and thus only can the full faith and credit prescribed by the constitution of the United States and the act of Congress be secured.' "

We are bound by that decision. The court in that case held that the person against whom it is sought to enforce the assessment is not precluded from showing that he is not a stockholder, and the respondent now contends that he was not a stockholder when the assessment was made. But, as we have seen, under the doctrine of *Allen v. Fulton, supra,* the respondent is precluded from making that defense in this case, he having, by his acts of accepting and retaining the stock for a long period of time without protest, and of participating in the management of the corporation, ratified and affirmed the purchase thereof.

*By the Court.*—The judgment of the circuit court is reversed, with directions to enter judgment in favor of the appellant in accordance with this opinion.