ROEHM, Appellant, vs. ZEHREN, Respondent.

*April 26 — May 16, 1899.*

*Ejectment: Equitable defense: Estoppel.*

1. One in possession of lands under contract from one who had no title employed defendant to build a store thereon. Afterwards plaintiff, defendant, and others became entitled to liens on the building, and their claims were assigned to defendant, and the latter, by proceedings to which the owner of the legal title was not a party, prosecuted

Roehm vs. Zehren.

them to judgment and sale, and obtained a sheriff's deed thereon. Thereafter plaintiff obtained a conveyance from the owner of the legal title. *Held*, that plaintiff was the owner in fee simple, free from any outstanding equity in defendant.

2. The defendant, having denied plaintiff's rights and claimed the sole interest in the premises under the sheriff's deed, cannot also claim that he is in possession in part as a representative of the plaintiff, and that therefore plaintiff owed him a duty inconsistent with claiming the legal title to the property.

APPEAL from a judgment of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Reversed.*

Action of ejectment. The complaint was in the usual form. The answer contained a general denial, and in substance, as matter of defense, counterclaim, and estoppel, the following: November 24, 1893, while one Jeakewitz was lawfully possessed of the premises in dispute under a land contract from Edwin Ellis, he employed defendant to build a store building thereon, and such occurrences thereafter took place as to entitle him, plaintiff, and other persons to a lien on such building and the title of Jeakewitz in the land on which it was situated, for the labor of constructing such building and for material used therein. Such proceedings were duly taken under the lien laws of this state that all of the lien claimants other than defendant assigned their claims to such defendant. Such proceedings were thereafter taken in due form of law that the several lien claims were, in the name of defendant, prosecuted to judgment against Jeakewitz and the property in dispute. The property was thereafter duly sold to satisfy the judgment, and was bid in by defendant, who received a sheriff's deed thereof pursuant to such sale. Defendant thereafter took possession of the property and made valuable improvements thereon. All of the proceedings mentioned were taken with the knowledge of plaintiff and by his participation. After defendant took possession of the property under the sheriff's deed and after he made the valuable improvements mentioned, plaintiff, with knowledge of

all the facts, obtained from Jeakewitz a pretended assignment of his land contract by means of which he then obtained a conveyance of the legal title from Edwin Ellis, the vendor on the contract. Plaintiff's claim of title is based on the conveyance from Ellis.

The facts established on the trial without controversy are as follows: Edwin Ellis gave a land contract to Jeakewitz as alleged in the answer, but had no title to the property, it being then owned by Jonathan S. Ellis subject to an outstanding tax title held by H. C. Carter. Subsequently Carter conveyed his claim to Jonathan S. Ellis, and thereafter, and before the commencement of the action, he conveyed the property to plaintiff. Neither Jonathan S. Ellis nor any person claiming under him was made a party to the lien action. Edwin Ellis was made a defendant upon the theory that he was the holder of the legal title. Neither the judgment nor any of the proceedings in the lien action affected the title of Jonathan S. Ellis in the property. Defendant did not at any time claim to hold the property in trust for plaintiff, but claimed to be the sole and unconditional owner thereof subject to the rights of Edwin Ellis. The court directed a verdict in favor of defendant of no cause of action.

For the appellant there were briefs by *Kanneberg & Rowan*, and oral argument by *A. Kanneberg*.

For the respondent the cause was submitted on the brief of *O'Keefe, Foster, Foster & Mars*.

MARSHALL, J. The judgment appealed from must be reversed. The facts show without room for controversy that plaintiff, at the time of the commencement of the action and of the trial, was the owner of the property in fee simple, free from any outstanding equity in defendant. Defendant's claim of title depended solely on the idea that the judicial sale transferred to him an equitable title to the property which Jeakewitz possessed under his land contract from

Edwin Ellis; that the relation between defendant, as holder of such equitable title, and plaintiff, as holder of the legal title, was the same as between Jeakewitz and Edwin Ellis before the transfer of the former's title by means of the judicial sale to defendant and the latter's title by the conveyance alleged in the answer to have been made by him to plaintiff. When it developed that Edwin Ellis did not have any interest in the property when he made the land contract to Jeakewitz, nor thereafter, and that no relations existed between Jonathan S. Ellis and Jeakewitz giving the latter any right, title, or interest in the property, the defendant's case wholly failed, and the verdict should have been directed for plaintiff instead of defendant.

The claim that defendant was in possession in part as a representative of plaintiff, because he represented all the lien claimants in the proceedings to enforce the liens, and that, as one of the jointly interested parties, plaintiff owed a duty to defendant inconsistent with claiming the legal title to the property adversely to such interests, is void of merit, if for no other reason, because defendant, as claimant under the judicial sale, did not pretend to hold the interest thereby acquired other than for his sole use. In respect to the claim of title under Edwin Ellis and that under Jonathan S. Ellis, the parties were adversaries in every sense. Defendant is in no situation to claim equitable rights against plaintiff, since in his answer he insisted upon a judgment, denying to plaintiff the rights of a vendor under the land contract, which he was entitled to even on defendant's theory of the case. As the evidence stood at the close of the trial there was but one proper course open for the court to pursue, and that was to direct a verdict in favor of the plaintiff.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.