FLORIDA REALTY FINANCE & SECURITY COMPANY, Appellant, vs. CHRIS. SCHROEDER & SON COMPANY, Respondent.

*February 9—March 9, 1937.*

For the appellant there was a brief by *Lines, Spooner & Quarles* and *George J. Carroll,* attorneys, and *Chas. B. Quarles* of counsel, all of Milwaukee, and oral argument by *Chas. B. Quarles.*

For the respondent there was a brief by *Fish, Marshutz & Hoffman,* attorneys, and *I. A. Fish* and *W. H. Voss* of counsel, all of Milwaukee, and oral argument by *I. A. Fish.*

WICKHEM, J.    Plaintiff is a corporation organized under the laws of Florida, having its office in Melbourne, Florida, engaged in the real estate and investment business. It was not licensed to transact business in Wisconsin. Defendant is

a Wisconsin corporation engaged in the real-estate mortgage loan and insurance business. Plaintiff was organized in 1925, and from 1925 to 1929 had purchased bonds from defendant in Wisconsin. On March 11, 1929, plaintiff was the owner of certain bonds which it had acquired from defendant. On that date defendant, by its president, Walter Schroeder, signed the following agreement:

March 11, 1929.

Florida Realty Finance & Security Co.,
    Milwaukee, Wis.

GENTLEMEN: We hereby agree to repurchase from you at par and accrued interest at any time before maturity any bonds purchased by you from us, this guaranty to cover any bonds purchased prior to or subsequent to this date.

Yours very truly,
CHRIS. SCHROEDER & SON CO.
By WALTER SCHROEDER,
President.

Plaintiff purchased bonds after the execution of this agreement. On November 14, 1935, plaintiff made a written tender to defendant of the return of bonds that it had acquired from defendant and demanded that defendant repurchase the same at par and accrued interest. This demand was not complied with, and on February 11, 1936, action was brought to recover the sum of $52,000, the par value of the bonds. The breach alleged was the failure of the defendant to repurchase the bonds upon plaintiff's demand on November 14, 1935.

Sub. (2) of sec. 226.02, Stats. 1929, provides that "no [foreign] corporation . . . shall transact business or acquire . . . property in this state" until it shall have satisfied the requirements of the section. Sub. (10) of sec. 226.02, Stats. 1929, makes void "every contract made by or on behalf of any such foreign corporation, affecting the personal liability thereof or relating to property within this state," until it shall have complied with the requirements of the section. The

writing in question was executed only by the Schroeder corporation and, of course, imposed no obligation upon plaintiff to purchase bonds from defendant. It constituted either, (1) a partial integration of the understanding of the parties, or (2) an offer to enter a unilateral contract, the liability of defendant to ripen into a contractual obligation upon the purchase by plaintiff of bonds from the defendant. There is no evidence to support the first conclusion, and since for plaintiff to have any standing at all there must be some sort of enforceable agreement, it will be assumed that the contract falls in the second class and is valid and binding except for the provisions of sec. 226.02. Since defendant's promise to repurchase was not in consideration of an agreement by plaintiff to purchase bonds, it is argued that the contract did not affect plaintiff's personal liability and is hence without the statutory prohibition. Plaintiff's principal reliance is upon the case of *Catlin & Powell Co. v. Schuppert,* 130 Wis. 642, 649, 110 N. W. 818, where it was said that the prohibitory clause in the act must be held to have intended to—

"exclude all unilateral contracts, like bills and notes, all contracts fully executed outside of this state upon which there remains as obligation only payment, or payment and delivery, to be made in this state, and all contracts not by their stipulations imposing duties or liabilities on such foreign corporation. . . ."

This case is not in point. There a New York corporation had bought for a Wisconsin resident certain stock which was sent to a Wisconsin bank with a draft attached. The transaction was held not to affect the personal liability of the foreign corporation and certainly no contract relating to property within this state was involved. See also *Ford, Bacon & Davis, Inc., v. Terminal Warehouse Co.* 207 Wis. 467, 240 N. W. 796. We conclude that the contract constituted a violation of sec. 226.02 (2) because it constituted the transac-

tion of business within the state, and of sec. 226.02 (10) because it "related to property within this state." *Duluth Music Co. v. Clancy,* 139 Wis. 189, 120 N. W. 854; *Indiana Road Machine Co. v. Lake,* 149 Wis. 541, 136 N. W. 178; *Stack v. Roth Brothers Co.* 162 Wis. 281, 156 N. W. 148.

Plaintiff contends that bonds are mere evidences of the choses in action which they represent and that under the rule *mobilia sequuntur personam* such property is not within the meaning of foreign corporation laws forbidding the acquisition of or contracts relating to property within this state. However, under the rule cited, the situs of a chose in action is the residence of the creditor or owner, and since the contract related to the purchase of bonds belonging to defendant, a Wisconsin corporation and a Wisconsin resident, the bonds were property within the state if the act dealing with foreign corporations has any relation to intangibles at all. We see no reason to suppose that the term "property" was used in any such restricted sense as is contended for by plaintiff. If the intangible, as well as the document or instrument evidencing it, is owned and possessed by a resident within the state, it is clear to us that it is property within the state. It may well be, as claimed by plaintiff, that for purposes of taxation, where property of an intangible character, the documentary evidence of which is in Wisconsin, is actually owned by a nonresident, the intangible itself is not property within this state, although, of course, the document, considered as a piece of paper or chattel, is located here. But to the extent that this doctrine is material, it appears to fortify our conclusion, since the contract here related to bonds owned by defendant.

It is claimed that since the contract related to bonds to be purchased in the future by plaintiff, and since these bonds, upon being purchased, would be transported to and kept in Florida, the execution of the repurchase agreement would not involve property in this state, but in Florida. The difficulty

with this argument is that the principal purpose of the contract was to promote and induce the sale of property located in Wisconsin. Property located here had to be sold before it could achieve a Florida situs, and certainly the repurchase agreement related to the property in this state and to its original sale to plaintiff.

Plaintiff, of course, may not assert that the contract here sued upon is an isolated transaction which for this reason does not constitute the doing of business in this state. This court has ruled adversely to plaintiff's contention in *Southwestern Slate Co. v. Stephens,* 139 Wis. 616, 120 N. W. 408, and *Ford, Bacon & Davis, Inc., v. Terminal Warehouse Co., supra.* Closely related to this claim is plaintiff's next contention, based upon the peculiar wording of sec. 226.02 (10), Stats. 1929. This subsection, the first sentence of which was added to sec. 226.02 by amendment in 1905, reads as follows:

"*All foreign corporations* and the officers and agents thereof *doing business in this state,* shall be subjected to all the liabilities and restrictions that are, or may be imposed upon corporations of like character, organized under the laws of this state, and shall have no other or greater powers.

"Every contract made by or on behalf of any *such foreign corporation,* affecting the personal liability thereof or relating to property within this state, before it shall have complied with the provisions of this section, shall be wholly void on its behalf and on behalf of its assigns, but shall be enforceable against it or them."

Plaintiff claims that there is a distinction between doing business and transacting business, and that a corporation must first be doing business, which implies operations having some continuity, before isolated transactions described in sec. 226.02 (10) are affected. While the contention is ingenious, and while the wording of the section gives some color to it, it cannot be sustained. We are satisfied that the amendment of 1905, which added to the section the language

relied upon by plaintiff, was not intended to restrict or modify the scope of the second sentence of sub. (10) which was a part of the section prior to the amendment. This was held in *Southwestern Slate Co. v. Stephens, supra.*

In view of the above conclusions, it is unnecessary to examine other questions raised by the briefs of the parties.

*By the Court.*—Judgment affirmed.