## MIDWEST SPORTSWEAR MFG. CO. v. BARABOO CHAMBER OF COMMERCE et al.

### No. 9255.

Circuit Court of Appeals, Seventh Circuit.

June 6, 1947.

Kenneth P. Grubb and Henry S. Reuss, both of Milwaukee, Wis., Raymond Grossman, of Chicago, Ill., and William M. Hayes, of Baraboo, Wis., for appellant.

James H. Hill, Jr., and Robert H. Gollmar, both of Baraboo, Wis., and H. H. Thomas and San W. Orr, both of Madison, Wis. (Thomas, Orr, Isaksen & Werner, of Madison, Wis., of counsel), for appellees.

Before SPARKS, MAJOR and MINTON, Circuit Judges.

SPARKS, Circuit Judge.

Appellant appeals from a summary judgment dismissing its action on the merits. The complaint had been filed against the Baraboo Chamber of Commerce and the City of Baraboo, Wisconsin, for an extension of time for the complainant to comply with the terms of a contract alleged to entitle it to the conveyance of certain real estate; conveyance of that real estate upon such compliance; and an injunction to prevent conveyance of the real estate to other parties pending complete compliance with the contract. The bill of complaint was dismissed on the ground that at the time of making of the contract, complainant was a foreign corporation, not licensed to do business in the state of Wisconsin, hence its contracts were void under the applicable statute, Wis. Stat. 1945, sec. 226.02.

The contract was entered into January 5, 1939, between the Chamber of Commerce and appellant, an Illinois corporation engaged in the manufacture of women's clothing. It contemplated the opening of a plant in the city of Baraboo, and the provision of a building for that purpose by the Chamber. It provided that the Chamber should deposit $3000 to be paid to appellant as soon as the latter was actually operating its plant, to cover moving expenses. It further provided that as soon as appellant had paid out a payroll of $250,000 (within a five-year period, unless prevented by strikes, labor trouble or other acts not within its control), the Chamber would deed the building to it, and that in the meantime, appellant would pay $50 monthly rental for the use of the building.

The record shows that the City actually purchased the building and the appellant moved in and started operations, receiving the $3000 deposited for its moving expenses; it was not, at the time of the making of the contract, licensed to do business in Wisconsin, and did not receive such license until July 3, 1946, after the complaint was filed. However, it did attempt to carry out the terms of the contract and, according to the complaint, it actually had paid out a payroll of $233,000 to its employees up to the date of filing the complaint (June 15, 1946), and, as set forth in affidavits, it was prevented from full performance because of the fact of the operation of an ordnance plant near the city, and draining off of the labor supply upon which it sought to draw. The bill of complaint was filed after the City advertised for a purchaser of the building occupied by appellant and to the conveyance of which it claims it is entitled under the terms of the contract.

There is some controversy between the parties as to the facts, but inasmuch as the matter was decided by the District Court as a matter of law we deem it unnecessary to consider those facts and look only to the statute to determine whether or not it did render the contract void and unenforceable, thus barring the relief prayed by the bill of complaint.

The Wisconsin statute involved, pertaining to foreign corporations, provides:

Sec. 226.02(1). "Articles Filed. No foreign corporation shall transact business or acquire, hold, or dispose of property in this state until it shall have filed in the office of the secretary of state a copy of its charter, articles of association or incorporation and all amendments thereto certified by the proper officer of the state wherein the corporation was organized, and shall have been licensed in this state. * * *"

Sec. 226.02(9). "Liabilities, Contracts When Void. Foreign corporations and the officers and agents thereof doing business in this state shall be subjected to all the liabilities and restrictions that are imposed upon domestic corporations of like character, and shall have no other or greater powers. Every contract made by or on behalf of any such foreign corporations, af-

920

fecting its liability or relating to property within this state, before it shall have complied with the provisions of this section, shall be void on its behalf and on behalf of its assigns, but shall be enforcible against it or them."

■ Appellant contends that the statute operates to void contracts only of such corporations as were doing business in the state at the time such contracts were executed, and since it was not doing such business at that time, and did not begin doing business until after the execution of the contract, that contract was not rendered invalid under the terms of the statute. Wisconsin cases involving the statute do not support this contention.

The case most nearly resembling the one at bar is Florida Realty Finance & Security Co. v. Chris. Schroeder & Son Co., 224 Wis. 186, 272 N.W. 38. There Florida, a foreign corporation, sued Schroeder, a local investment concern, for breach of the following agreement:

"We hereby agree to repurchase from you at par and accrued interest at any time before maturity, any bonds purchased by you from us, this guaranty to cover any bonds purchased prior to or subsequent to this date."

The court held that the contract constituted a violation of the statute because it in itself constituted the transaction of business within the state, and because it related to property within the state. The plaintiff there made much the same argument as is here advanced, "that a corporation must first be doing business, which implies operations having some continuity, before isolated transactions * * * are affected." Commenting on this, the court said, "While the contention is ingenious, and while the wording of the section gives some color to it, it cannot be sustained. We are satisfied that the amendment of 1905, which added to the section the language relied upon * * * was not intended to restrict or modify the scope of the second sentence * * *

which was a part of the section prior to the amendment." (This relates to the same two sentences set forth above as section 226.02(9).

In Wisconsin Trust Co. v. Munday, 168 Wis. 31, 168 N.W. 393, 169 N.W. 612, the court held void two deeds executed outside Wisconsin purporting to convey real estate in that state to a foreign corporation unlicensed to do business within Wisconsin. This case also disposed of the hardship or estoppel argument, referring to the case of Hanna v. Kelsey Realty Co., 145 Wis. 276, 129 N.W. 1080, 33 L.R.A.,N.S., 355, 140 Am.St.Rep. 1075, where the court held that, although the foreign corporation was found to be a purchaser in good faith for a valuable consideration, nevertheless the conveyance was void and the grantor not estopped. The United States Supreme Court, in affirming the Munday decision (252 U.S. 499, 40 S.Ct. 365, 366, 64 L.Ed. 684), held that it was for the state courts to construe their own statutes, and that the particular construction there arrived at did not constitute a violation of any rights fixed by the federal Constitution or laws. "Where interstate commerce is not directly affected, a state may forbid foreign corporations from doing business or acquiring property within her borders except upon such terms as those prescribed by the Wisconsin statute."

We are convinced that, under the Wisconsin cases cited, the contract here involved was rendered void by the statute, both because the execution of the contract itself constituted doing business in Wisconsin, and because it related to property in that it purported to create an interest in property in the state which would ripen into a right of conveyance upon compliance with its terms. Cases relied upon by appellant are readily distinguishable and do not support a contrary conclusion, although the result has been severely criticized. See Malcolm K. Whyte, Work of the Wisconsin Supreme Court, Business Associations, 1938 Wis.L.R. 52 at 54.

Judgment affirmed.