NATIONAL UTILITY SERVICE, INC.,
Plaintiff,

v.

WISCONSIN CENTRIFUGAL FOUND-
RY, INC., Defendant.

No. 67-C-356.

United States District Court
E. D. Wisconsin.

June 27, 1968.

Kenneth K. Luce, Milwaukee, Wis., for plaintiff; Foley, Hickey, Gilbert & Currie, New York City, of counsel.

Victor M. Harding, Milwaukee, Wis., for defendant.

## OPINION AND ORDER

REYNOLDS, District Judge.

This is an action on a contract. The plaintiff is in the business of advising utility companies concerning rates for utilities services. The plaintiff claims that after securing savings and refunds to the defendant through utility rate reductions, the defendant refused to pay the plaintiff one-half of such savings as was allegedly agreed by the parties.

A hearing was held in this court on discovery motions made by the defendant. The parties entered into a stipulation regarding times and methods of discovery, but one issue was left for the court to decide. That issue is whether the plaintiff should be required to produce a list of the names and addresses of all former or present customers of the plaintiff corporation within the past ten years, located in the State of Wisconsin, together with the gross receipts from each such customer. The parties have submitted briefs on this question.

The motion for the production of the customer list was made in connection with a motion to compel a deposition. The defendant argues that the material must be produced under a subpoena duces tecum. The plaintiff argues that good cause for the production need be shown under Rule 34 of the Federal Rules of Civil Procedure.

The defendant argues that it needs the customer list to determine whether

**540**

the plaintiff was doing business in this state without a certificate of authority. It is the defendant's position that if the plaintiff was doing business in Wisconsin without a certificate of authority, the plaintiff is precluded from using the Wisconsin courts. Section 180.847(1), Wis.Stats. (1965); Midwest Sportswear Mfg. Co. v. Baraboo Chamber of Commerce, 161 F.2d 918 (7th Cir. 1947).

The plaintiff suggests that its customer list is unique and should be protected from discovery. The plaintiff argues that "The nature of the standard agreement between the plaintiff and its accounts is such that if the names, addresses and profitability of plaintiff's accounts becomes public information the value of plaintiff's business would be completely lost." ("Plaintiff's Memorandum Re Discovery and Inspection of Customer Lists," page 3.)

■ This court is of the opinion that discovery as to whether a corporation is doing business in the state may well be obtained by taking the depositions of the officers of a corporation. Since this had not been done prior to the defendant's motion, this court believes that a motion to produce customer lists is premature at this time.

This court is presently unwilling to compel production of the customer list, especially in light of the plaintiff's announced fears of public disclosure. If discovery of other facts relevant to the defendant's affirmative defense is not sufficient for the defendant to prepare his case, this court would be willing to confer with counsel at a later date regarding methods of further discovery and the advisability of a protective order.

For the foregoing reasons,

It is ordered that defendant's motion to produce plaintiff's customer list should be and the same hereby is denied.