NATIONAL UTILITY SERVICE, INC.,
Plaintiff,

v.

WISCONSIN CENTRIFUGAL FOUND-
RY, INC., Defendant.

No. 67-C-356.

United States District Court
E. D. Wisconsin.

Jan. 14, 1970.

Kenneth K. Luce, Milwaukee, Wis., for plaintiff, Foley, Hickey, Gilbert & Currie, New York City, of counsel.

Victor M. Harding, Milwaukee, Wis., for defendant.

OPINION AND ORDER

REYNOLDS, District Judge.

This is a contract action. The business of the plaintiff, National Utility Service, Inc. ("N.U.S."), is advising utility companies about rates for utilities services. The plaintiff claims that after performing services which secured savings and refunds for the defendant, Wisconsin Centrifugal Foundry, Inc. ("Centrifugal"), through utility rate reductions, the defendant refused to pay

the plaintiff one-half of such savings as was allegedly agreed by the parties. Among the defenses interposed by the defendant are: (1) that the plaintiff was doing business in Wisconsin without a certificate of authority and therefore is precluded from using the Wisconsin courts—§ 180.847(1), Wis.Stats. (1965); Midwest Sportswear Mfg. Co. v. Baraboo Chamber of Commerce, 161 F.2d 918 (7th Cir. 1946); and (2) that the plaintiff did not perform the services it promised nor fulfill its obligations under the contract.

Centrifugal has moved, pursuant to Rule 34 of the Federal Rules of Civil Procedure, for the production of documents, including in paragraph 12 "Originals or copies of any contracts entered into between the plaintiff and any company or customer in Wisconsin, and dated after January 1, 1961, and all correspondence between the plaintiff and said company or customer, since said date" and other documents related to plaintiff's involvement with Wisconsin customers. This information is sought because the defendant thinks it relevant to the issue of plaintiff's authority to do business in Wisconsin.

In addition, defendant seeks documents, including in paragraph 7 "All writings since January 1, 1969 reflecting technical investigations and analyses by the plaintiff of the various factors in the rates of any of plaintiff's customers in Wisconsin" and other documents related to the amount of expertise the plaintiff has and the amount of technical investigation and analysis it has undertaken. This information is sought because the defendant thinks it relevant to the issue of whether the plaintiff has fulfilled its obligations under the contract.

N.U.S. has moved for a protective order vacating interrogatories propounded by the defendant, wherein defendant seeks plaintiff's Wisconsin customer lists and the names of salesmen who have contacted Wisconsin customers.

In an earlier decision in this matter —National Utility Service, Inc. v. Wisconsin Centrifugal Foundry, Inc., 44 F.R.D. 539 (E.D.Wis.1968)—I held that Centrifugal's motion for production of the customer list of N.U.S. should not be ordered, since it was possible that the defendant could obtain information concerning whether plaintiff was doing business in Wisconsin by taking the depositions of the officers of the corporation. I believed then that the motion for production of the customer lists was premature " * * * especially in light of the plaintiff's announced fears of public disclosure." 44 F.R.D. at 540.

On April 22, 1969, defendant took the deposition of Marvin Lauterbach, assistant secretary of N.U.S. On June 29, 1969, defendant served the interrogatories in question on plaintiff. Plaintiff moved for a protective order vacating the interrogatories on June 6, 1969, and on June 12, 1969, defendant moved for production of documents.

The parties have briefed the issues before the court, and I am now prepared to make findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

Defendant has taken the deposition of one of plaintiff's officers in an attempt to obtain information related to plaintiff's authority to do business in Wisconsin, as I indicated in the previous opinion in this matter was the proper course of action. However, defendant was unable to obtain the names of plaintiff's Wisconsin customers. The plaintiff resists the production of its Wisconsin customers' names and addresses on the grounds that the defense of lack of authority to do business in Wisconsin is not an adequate defense to the suit, and that the plaintiff's business will be damaged if its customer lists are not kept absolutely secret.

The court takes no position upon the merits of the defense of lack of authority to do business in Wisconsin but is satisfied that defendant should have the

**32**

opportunity to develop by pretrial discovery the facts upon which its defenses may rest. The good cause requirement of Rule 34 is met by Centrifugal's representations that the information is relevant to the defense it may argue, and that the information is otherwise unavailable to it. See 4 Moore, Federal Practice ¶ 34.08 (2d ed. 1969).

I hold, therefore, that plaintiff's motion to vacate the interrogatories of defendant seeking the names of plaintiff's customers and salesmen should be denied, and that paragraphs 8, 9, and 12 of defendant's motion for production of documents, which relate to the lack of authority defense, should be granted.

Plaintiff has expressed concern that divulging the identities of his Wisconsin customers may damage his business. To diminish that possibility, the items produced pursuant to this order that involve the identity of the plaintiff's customers are to be revealed only to defense counsel active in this case and to persons selected by them to assist them in handling the suit, and may be used by them and their assistants only for purposes of this litigation.

▮ Paragraphs 1, 2, 3, 4, 5, 6, 7, 10, and 11 of defendant's motion for production of documents seek information related to whether the plaintiff has fulfilled its obligations under the contract. Plaintiff contends that the testimony of two of defendant's witnesses to the alleged fraud indicate that there was no fraud and that therefore defendant should not be allowed to obtain further information on this issue. It is my opinion that defendant should have the opportunity to investigate all the facts on which it may base a defense of fraud. Rule 34's good cause requirement is met by the representations of the defendant that the information sought is relevant to a defense it may argue and that the information is otherwise unavailable.

For all of the above reasons,

It is ordered that plaintiff's motion for a protective order vacating the interrogatories propounded by the defendant must be and it hereby is denied.

It is further ordered that defendant's motion for production of documents must be and it hereby is granted.

It is further ordered that the items produced pursuant to this order that involve the identity of the plaintiff's customers be revealed only to defense counsel active in this case and to persons selected by them to assist them in handling the suit, and may be used by them and their assistants only for purposes of this litigation. This data is not to be disclosed to the defendant or the public.