**TOSA CHRYSLER–PLYMOUTH, INC.,**
**Plaintiff,**

v.

**CHRYSLER MOTORS CORP., Defendant.**

No. 71–C–498.

United States District Court,
E. D. Wisconsin.

April 18, 1972.

Quarles, Herriott, Clemons, Teschner, & Noelke, by William A. Stearns and John A. Casey, Milwaukee, Wis., for plaintiff.

Whyte, Hirschboeck, Minahan, Harding & Harland, by Victor M. Harding, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff in this action has moved for an order compelling the defendant to answer certain interrogatories submitted to it pursuant to Rule 33, Federal Rules of Civil Procedure. The defendant has countered with a motion which seeks a protective order under Rule 26(c).

The complaint alleges that the defendant has violated certain provisions of the Robinson-Patman Act by establishing "price rebate," or "sales incentive," programs whose terms and conditions effectively preclude the plaintiff's participation in them. The defendant's practices, the plaintiff avers, "have caused and continue to cause substantial injury to competition in the sale of defendant's products in the Milwaukee metropolitan area and the plaintiff's ability to compete with defendant's favored customers." Jurisdiction is based upon the provisions of 28 U.S.C. § 1337, and the plaintiff seeks treble damages.

The plaintiff filed its first series of interrogatories on November 12, 1971. In its answer to the plaintiff's interrogatories, the defendant stated that it was exercising its option under Rule 33(c) to specify the business records from which the answers or portions of the answers to certain of the interrogatories could be obtained; the defendant also stated that the records were available for examination in the office of the defendant's attorney.

The plaintiff's present motion, filed pursuant to Rule 37(a) (2), seeks an order directing the defendant "to answer separately and fully in writing under oath interrogatories numbered 1–10, 11(b), (c) and (d), 13 and 14"—the interrogatories to which the defendant responded by referring to certain business records. In an affidavit which accompanied the motion, counsel for the plaintiff avers that the defendant's answers to the plaintiff's interrogatories "are incomplete in that they identify and incorporate documents, but defendant refuses to produce the documents for inspection and copying by the plaintiff."

The defendant asserts that at no time has it denied counsel for the plaintiff access to the documents in question; the only disagreement, the defendant contends, "was with respect to the making of copies, and limitations on divulging the information to others." The defendant argues that the business records contain "confidential commercial information" and should be examined only by the plaintiff's counsel and "the chief executive officer of the plaintiff"; the defendant also asks that the plaintiff be directed to make no more than one copy of the documents, to be returned at the close of the case, and that "the trial . . . be conducted in such a way as to preserve the confidentiality of . . . [the] . . . material."

In my opinion, the protective order proposed by the defendant is unduly restrictive. The defendant does not suggest that the documents in question are irrelevant or that an absolute privilege exists against their disclosure. Cf. Natta v. Zletz, 405 F.2d 99, 101 (7th Cir. 1968), cert. denied 395 U.S. 909, 89 S.Ct. 1753, 23 L.Ed.2d 223 (1969). Although the plaintiff agrees that the materials should not be disclosed to the defendant's competitors, I believe that the plaintiff's preparations for trial would be substantially hampered by restricting access to the documents in the manner proposed by the defendant.

I am persuaded that any confidentiality that exists with regard to the requested materials can be adequately preserved by an order like that found in United States v. American Optical Co., 39 F.R.D. 580, 587 (N.D.Cal.1966), to the effect that:

> "The order will . . . direct defendants' counsel to limit their disclosure of the documents to those of defendants' personnel with whom it may be necessary for counsel to confer in order to prepare the defense to this action, and will direct such counsel and personnel not to make copies, or reveal the contents of the documents, or use the information contained therein, for any purpose other than for the preparation of the defense to this action."

Cf. National Utility Service v. Wisconsin Centrifugal Foundry, 49 F.R.D. 30 (E.D.Wis.1970); United States v. Lever Bros. Co., 193 F.Supp. 254 (S.D.N.Y. 1961). Thus, no limit will be placed on the number of copies that the plaintiff may make of the documents in question, but counsel for the plaintiff will be directed to restrict disclosure of the copies to those persons, not competitors of the defendant, whose aid is necessary in the preparation of the plaintiff's case; furthermore, all such authorized recipients will be directed not to reveal the contents of the documents or use the docu-

**44**

ments for any purpose other than for the preparation of the instant action.

 The plaintiff also seeks to compel an answer to its interrogatory numbered 13(b) (ii), which asks the defendant to

"(b) Identify and describe all such documents, etc., prepared by defendant as a result of or to describe or analyze the result of

\* \* \* \* \* \*

"(ii) The conduct of any sales incentive program in any metropolitan area in the United States."

Interrogatory 13(d), however, qualifies the request made in 13(b) (ii) by providing, "If defendant's reponse to Interrogatory 13(b) (ii) requires the identification of more than five documents, limit defendant's answer to the five most recently prepared."

The defendant argues that the information sought in 13(b) (ii) is not relevant and that "to supply this information would be an undue burden." Notwithstanding the defendant's objection, it is my opinion that the plaintiff's interrogatory 13(b) (ii) is both proper and reasonable; the defendant has not persuaded me that the plaintiff's assertion that the requested information is relevant to the issues presented in the case at bar should be rejected. Even though, as the defendant contends, it may have to examine many more than the maximum of five documents requested by the plaintiff, I am not convinced that such task is so onerous as to place an unreasonable burden upon the defendant. The plaintiff's request for an order compelling an answer to interrogatory 13(b) (ii) will be granted.

Therefore, it is ordered that the plaintiff's motion for an order compelling answers be and hereby is granted. It is also ordered that the defendant's motion for a protective order be and hereby is granted, except as modified in the foregoing decision.